SMEDLEY *v.* SMEDLEY

DIVORCE—CUSTODY OF CHILDREN—PUBLIC POLICY—STATUTE.
   Public policy of this state, by statute, is that a child under the age of 12 years should be left in the custody of his mother and a child over the age of 12 years in the custody of his father, but the policy is subject to the overriding consideration of what is for the best interest of the child; if the trial court sees fit to provide an order of custody contrary to that which is set forth in the statute, it may do so specifically stating its reasons (CL 1948, § 722.541).

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 June 5, 1969, at Grand Rapids. (Docket No. 6,338.)   Decided July 28, 1969.

Action for divorce.   Motion by defendant David H. Smedley to change custody of children from plaintiff Leoda M. Smedley to defendant.   Amended judgment of divorce awarding custody to defendant. Plaintiff appeals.   Affirmed.

*Donald G. Jennings,* for plaintiff.

*John E. Hart,* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

PER CURIAM.   The parties involved were divorced on August 16, 1966, and custody of their three minor children was awarded to the mother.   Later the fa-

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 785.

ther petitioned the court for a change of custody. On September 23, 1968, a full hearing was had and the court amended the divorce judgment and awarded custody of the children to the father. Plaintiff appeals from this determination.

The legislature has established the public policy of this state by providing that a child under the age of 12 years should be left in the custody of the mother and a child over the age of 12 years in the custody of the father under MCLA § 722.541 (Stat Ann 1957 Rev § 25.311). However, the legislature has provided that the statute is subject to the overriding consideration of what is for the best interest of the child. Accordingly, if the trial court sees fit to provide an order of custody contrary to that which is set forth in the statute, it may do so, specifically stating its reasons therefor.

In this cause the trial court after a full hearing concluded the best interests of the children would be served by granting the father temporary custody. While the trial court did not find the plaintiff to be an unfit mother, the testimony showed that she did leave the children, ages 9, 8, and 5, alone on many occasions. One witness testified that the plaintiff had male visitors at all hours and on one occasion a male visitor stayed for 2 or 3 days.

The trial judge was gentle in his comments concerning the plaintiff, but the record sustains the reasonableness of his opinion.

Affirmed. As appellee did not file a brief no costs will be granted.